IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLOUDING IP, LLC,                          )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )     C.A. No. 13-1453-LPS
                                           )
CITRIX SYSTEMS, INC.,                      )     JURY TRIAL DEMANDED
                                           )
          Defendant.                       )

**DEFENDANT CITRIX SYSTEMS, INC.'S
MOTION TO BIFRUCATE DAMAGES FROM LIABILITY
AND TO STAY DAMAGES-RELATED FACT AND EXPERT DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 42(b), Defendant Citrix Systems, Inc.

("Citrix") hereby moves to bifurcate the issue of damages from the issue of liability and to stay

damages-related fact and expert discovery until resolution of the liability issues.

Citrix has reviewed the arguments set forth in the joint opening brief in support of the

motion to bifurcate damages from liability and to stay damages-related discovery that was filed

by the "Wave 1" Defendants in *Clouding IP LLC v. Google, Inc.* (C.A. 12-639-LPS), *Clouding*

*IP LLC v. Amazon.com, Inc., et al.* (C.A. 12-641-LPS), *Clouding IP, LLC v. Rackspace Hosting,*

*Inc., et al.* (C.A. 12-675-LPS) and *Clouding IP LLC v. Motorola Mobility LLC* (C.A. 12-1078-

LPS). *See* D.I. 114 in C.A. 12-639-LPS; D.I. 127 in C.A. 12-641-LPS; D.I. 133 in C.A. 12-641-

LPS; D.I. 104 in C.A. 12-1078-LPS. Because the same arguments are equally applicable to

Citrix's motion, Citrix will not burden the Court with a duplicative brief, but instead relies upon

and incorporates herein the arguments in the aforementioned brief in support of its motion.

Citrix further understands that defendants in other cases brought by Clouding IP LLP

("Clouding") are concurrently filing motions to bifurcate liability from damages and stay fact

and expert damages-related discovery on similar grounds. Citrix incorporates those motions by reference as well.[1] For the sake of efficiency and coordination, the Court should treat all of the *Clouding* cases – which are all on the same pre-trial schedule and have a substantial overlap in asserted patents – identically with respect to bifurcation and a stay of damages-related discovery.

Further, Clouding generally asserts six patents against Citrix's "clouding computing products," and specifically identifies three different allegedly infringing products (CloudBridge, Sharefile, XenApp) in its Complaint. (*See* D.I. 1 ¶¶ 9, 13, 19, 24, 29, 34.) Collecting damages-related information for these three different products requires accessing several different systems and interviewing different product personnel. Clouding also has until January 3, 2014 to "specifically identify the accused products and the asserted patent(s) they allegedly infringe." D.I. 19; *see* Default Standard for Discovery, Including Discovery of Electronically Stored Information at ¶ 4(a). Citrix understands that Clouding may attempt to identify additional accused products at that time, which could further complicate damages discovery efforts.

**WHEREFORE**, Citrix respectfully requests that the Court bifurcate the issue of damages from the issue of liability and stay damages-related fact and expert discovery until resolution of the liability issues.

---

[1] These additional cases are: *Clouding IP LLC v. EMC Corp., et al..* (C.A. 13-1455-LPS), *Clouding IP, LLC v. Dropbox, Inc.* (C.A. 13-1454-LPS), *Clouding IP LLC v. SAP AG, et al.* (C.A. 13-1456-LPS), *Clouding IP LLC v. Verizon Online LLC, et al.* (C.A. 13-1458-LPS), *Clouding IP LLC v. AT&T, Inc.* (C.A. 13-1342-LPS), *Clouding IP LLC v. CA, Inc.* (C.A. 13-1338-LPS), *Clouding IP LLC v. Siemens Enterprises* (C.A. 13-1457-LPS), and *Clouding IP LLC v. Hewlett-Packard Co.* (C.A. 13-1341-LPS).

## RULE 7.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel

for the plaintiff, and that the parties have not been able to reach agreement.


POTTER ANDERSON & CORROON LLP


OF COUNSEL:

Douglas J. Kline
Lana S. Shiferman
Robert Frederickson III
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
(617) 570-1000

Dated: December 20, 2013
 1134206

By: */s/ Philip A. Rovner*_____
     Philip A. Rovner (#3215)
     Jonathan A. Choa (#5319)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE  19899
     (302) 984-6000
     provner@potteranderson.com
     jchoa@potteranderson.com

*Attorneys for Defendant*
*Citrix Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on December 20, 2013, the within document was filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 20, 2013, the within document was electronically mailed to the following persons:

### BY E-MAIL

Richard D. Kirk, Esq.
Stephen B. Brauerman, Esq.
Vanessa R. Tiradentes, Esq.
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Marc A. Fenster, Esq.
Brian D. Ledahl, Esq.
Dorian S. Berger, Esq.
Russ August & Kabat
12424 Wilshire Boulevard, 12th Fl.
Los Angeles, CA 90025
mfenster@raklaw.com
bledahl@raklaw.com
dberger@raklaw.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com